United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) |
| | )    Criminal Case No. 22-20429-CR-Scola |
| | ) |
| Elizar Jauregui, Defendant. | ) |
| | ) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Elizar Jauregui's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 324.) The Government has responded (ECF No. 328). Jauregui has not filed a reply, and the time to do so has passed. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** Jauregui's motion for reduction of sentence. (**ECF No. 324**.)

### 1. Background

On April 6, 2023, the Defendant Elizar Jauregui was sentenced to a term of imprisonment of 72 months after pleading guilty to possession with intent to distribute more than 5 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (ECF Nos. 58, 60, 61, 142, 146.) The Sentencing Guidelines range was 188 to 235 months of imprisonment based upon the Defendant's adjusted offense level of 31 with a criminal history category of VI.

Since Jauregui's sentencing, the United States Sentencing Commission issued Amendment 821 which, among other things, affects the "status points" assessed to defendants who commit an offense while under another criminal justice sentence. Previously, offenders would receive two additional criminal history points if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape release." U.S.S.G. § 4A1.1(d). Now, however, under Part A of the amendment, offenders with six or fewer history points will no longer receive these additional status points and offenders with seven or more criminal history points will only be assessed one additional point, rather than two. *See* Retroactivity Impact Analysis of Parts A and B of the 2023 Criminal History Amendment, United States Sentencing Commission, https://www.ussc.gov/ sites/default/files/pdf/research-and-publications/ retroactivity-analyses/2023-criminal-history-amendment/202305-Crim-Hist-Amdt-Retro.pdf.

On February 21, 2024, this Court denied Jauregui's first motion for sentence reduction, which sought retroactive application of Amendment 821 to the Court's judgment sentencing him to 72 months in prison. (Order Denying Motion to Reduce Sentence, ECF No. 265.) Jauregui again seeks retroactive application in this motion, as well as compassionate release due to family circumstances.

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Additionally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds

of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

Moreover, Section § 3582(c)(1)(A) provides, in relevant part:

> [T]he court, upon motion of ... the defendant ... may reduce the term of imprisonment ..., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement refers to U.S.S.G. § 1B1.13, which states, in part, that a "court may reduce a term of imprisonment if, as relevant here, it 'determines that . . . (2) the defendant is not a danger to the safety of any other person or to the community.'" *United States v. Tinker*, 14 F. 4th 1234, 1237 (11th Cir. 2021) (quoting § 1B1.13).  Therefore, "a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *Id.* "Because all three conditions . . . are necessary, the absence of even one would foreclose a sentence reduction." *Id.* at 1237-38.

U.S.S.G. § 1B1.13 lists the "extraordinary and compelling reasons" that may warrant a sentence reduction. They include certain medical circumstances of the defendant; the age of the defendant; certain family circumstances of the defendant; whether the defendant was a victim of abuse while imprisoned; other similar reasons; and unusually long sentences. § 1B1.13 (b)(1)-(6).

### 3. Analysis

The retroactive amendment that Jauregui invokes here is Part A of Amendment 821—the "status points" adjustment. But Jauregui is not eligible for the adjustment because Jauregui did not receive status points to begin with. And Part A affects only § 4A1.1's assessment of status points used to calculate a defendant's criminal history category, which would have been criminal history category VI regardless because of Jauregui's qualification as a career offender. Accordingly, § 4A1.1's new status-point-rules have no bearing on Jauregui's criminal history category. With his criminal history category unchanged, Jauregui's guideline range remains the same. As such, Jauregui is ineligible for

a sentence reduction, and even if he was entitled to a reduction, his sentencing range would still be far higher than the actual sentence that he received of 72 months. 18 U.S.C. § 3582(c)(2) (district courts authorized to reduce sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); U.S.S.G. § 1B1.10(a)(1) (defendants eligible only where "the guideline range applicable to that defendant has subsequently been lowered").

In addition to seeking retroactive application of Amendment 821, Jauregui also seeks compassionate release because he needs to care (1) for his elderly mother and (2) for his adult daughter who has multiple sclerosis. (Mot., at 7-8.) Under U.S.S.G. § 1B1.13(b)(3)(C), family circumstances may constitute extraordinary and compelling reasons for a sentence reduction where there is "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent."

However, the Court was aware of his mother and daughter's medical conditions at the time of sentencing. As a career offender with two prior drug trafficking conditions, Jauregui's guidelines range was 188-235 months. Based in part on his unique family circumstances, the Court varied significantly below the Guidelines range and sentenced Jauregui to 72 months in prison. Moreover, Jauregui is not the sole caretaker of his mother and daughter and thus not eligible for release based on their medical circumstances. *See id.*

Finally, even if Jauregui established extraordinary and compelling circumstances for his release, the § 3553(a) factors weigh against his early release. He has three prior drug convictions, including two for drug trafficking. In one of those trafficking cases, he committed his offense while on bond. Thus, releasing Jauregui early would fail to promote respect for the law and provide adequate deterrence. The Court is also unconvinced that Jauregui would not be a danger to the community should his sentence be reduced. *See Tinker*, 14 F.4th at 1237.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Jauregui's motion for reduction of sentence is **denied**. (**ECF No. 324**.)

**Done and ordered** at Miami, Florida on May 28, 2025.

Robert N. Scola, Jr.
United States District Judge